# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIETTA SMITH CARLIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-610-BAJ-RLB** |
| **UNITED SPECIALTY INSURANCE COMPANY, ET AL.** | |

*Consolidated for discovery purposes only with*

| | |
|---|---|
| **GABRIELLE GUILLORY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-1107-BAJ-RLB** |
| **UNITED SPECIALTY INSURANCE COMPANY, ET AL.** | This Order Pertains to Civil Action No. 17-610 |

## ORDER

Before the Court is Defendants' Motion for Physical and Neurological Examination of Plaintiff (R. Doc. 20) filed on May 24, 2018. The motion is opposed. (R. Doc. 22).

Marietta Smith Carlin ("Plaintiff") alleges that she was involved in an automobile accident on September 9, 2016. (R. Doc. 1-2 at 3). Ms. Carlin seeks recovery for physical pain and suffering, mental anguish, loss of enjoyment of life, disfigurement and disability, medical expenses, lost wages/earnings, property damage, and all other recoverable damages. (R. Doc. 1-2 at 4-5).

According to Plaintiff, she has suffered injuries to her neck and lower back, is currently under the care of three physicians, and has undergone a lumbar transforaminal epidural steroid injection, a lumbar dorsal medial branch block, and two cervical radiofrequency ablation procedures. (R. Doc. 22 at 2). There is no dispute that Plaintiff agreed to appear for an

independent medical examination ("IME") to be conducted by Dr. Charles Kaufman, a licensed neurologist, on May 15, 2018. (R. Doc. 22 at 2).

The day before the exam was to take place, however, Plaintiff's counsel requested a copy of all relevant paperwork (i.e., patient intake forms and history questionnaires) from Dr. Kaufman's office prior to Plaintiff's examination. (R. Doc. 20-3 at 1). When Dr. Kaufman declined to provide the documents on the basis that he wished to obtain an accurate and complete history from the Plaintiff herself as part of the examination, Plaintiff's counsel instructed Plaintiff not to appear for the IME. (R. Doc. 22-1).

In support of the instant motion, Defendant asserts that it has established "good cause" for a Rule 35 examination in light of Plaintiff's alleged physical injuries and Plaintiff's original agreement to undergo the examination. (R. Doc. 20-2 at 3). Defendant seeks an order setting a Rule 35 examination without the condition that Dr. Kaufman provide any forms to Plaintiff's counsel prior to the examination. (R. Doc. 20-2).

Plaintiff concedes that the "only factor at issue" with regard to the proposed Rule 35 examination is whether the patient questionnaire forms from Dr. Kaufman's office must be provided to her counsel prior to the examination. (R. Doc. 22 at 2). In support of such a condition, Plaintiff argues that it is her counsel's duty to ensure the forms seek appropriate and relevant information, and to advise her of her rights in light of the forms. (R. Doc. 22 at 2-3). Plaintiff further argues that being provided the forms prior to the examination will minimize her pain and anxiety. (R. Doc. 22 at 3). Finally, Plaintiff asserts that it is not her counsel's intent to complete the forms on her behalf, but to simply review the document to ensure that a "complete and accurate record is, in fact, being provided." (R. Doc. 22 at 4).

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964); *see also Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013).

"The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Courts have generally prohibited third parties, particularly attorneys, from being present during an IME evaluating the plaintiff's mental condition. *Terry v. Promise Hosp. Of Ascension, Inc.*, No. 13-128, 2014 WL 1239397, at * 3 (M.D. La. March 25, 2014)). This is primarily because "[t]hird party observers may, regardless of their good intentions, contaminate a mental

3

examination." *Id.* (quoting *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-10 (C.D. Cal. 1995)).[1]

Just as allowing attorneys to be present during an IME may hinder the examination, Courts have held that providing patient intake forms and history questionnaires "in advance to the Plaintiff's attorney may interfere with the examination process." *Gade v. State Farm Mut. Ins. Co.*, No. 14-48, 2015 WL 12964613, at *5 (D. Vt. Jan. 2, 2015) (allowing Plaintiff's counsel to assist in drafting of a "consent form" but requiring Plaintiff to complete a "pain diagram and health history form" without counsel's assistance); *see Sanders v. Holdings*, No. 11-1590, 2012 WL 2001967, at *4 (S.D. Cal. June 4, 2012) ("To the extent that forms or questionnaires are required to be completed, they shall be completed by Plaintiff without assistance."); *see also Goggins v. State Farm Mut. Auto. Ins. Co.*, No. 10-00826, 2011 WL 1660609, at *3 (M.D. Fla. May 3, 2011) ("Plaintiff must complete all reasonable paperwork and answer all reasonable questions about her medical history in the context of her Rule 35 examination."); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 626 (D. Kan. 1999) ("An examining physician under Rule 35(a) may ask the examinee such questions as are necessary to form an opinion about her condition and the cause of the alleged injury."); *but see Hughes v. Diebold, Incorporation*, No. 11-222, 2011 WL 13217817, at *3 (E.D. Tex. Oct. 26, 2011) ("[I]f Defendant intends to have [Plaintiff] fill out questionnaires or paperwork, said paperwork should be delivered to Plaintiffs' counsel's office no later than 72 hours prior to the examination. Plaintiffs' counsel will instruct [Plaintiff] to fill out the paperwork and bring it to the examination.").

---

[1] It does not appear that any other party, party representative or attorney is asking to be present for any of the IME. To be clear, no such person may be present. Only the Plaintiff, Dr. Kaufman, and Dr. Kaufman's staff may be present.

Having considered the record, the Court finds that it is appropriate in this instance to require Plaintiff to complete all reasonable paperwork and to answer all reasonable questions about her medical history without assistance of counsel. "Rule 35(a) examinations, like all other forms of discovery, are subject to the general provision of Rule 26(c) that the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Booth v. Mohave Transp. Ins. Co.*, No. 13-6746, 2014 WL 3881203, at *5 (E.D. La. Aug. 6, 2014) (citations omitted). Plaintiff has not, however, provided any factual information specific to her situation (such as diminished mental capacity) that would merit a finding that her counsel should have an opportunity to review relevant forms and questionnaires and guide Plaintiff through the process of providing answers.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Physical and Neurological Examination of Plaintiff (R. Doc. 20) is **GRANTED** as set forth below.

**Time**: To be determined based on mutual agreement. The examination must, however, occur prior to the close of discovery.

**Place**: The assessment will take place in Dr. Kaufman's office located at 8338 Summa Ave, Suite 500, Baton Rouge, LA 70809.

**Manner**: The examination shall be in a manner consistent with generally accepted neurological methods of evaluation and testing.

**Conditions**: No additional conditions. In particular, Plaintiff must fill out any forms provided by Dr. Kaufman without the assistance of her attorney.

**Scope**: The examination of the Plaintiff will consist of appropriate medical and neurological tests, and physical examination.

**Medical Professional:** Charles E. Kaufman, M.D., a licensed neurologist.

Signed in Baton Rouge, Louisiana, on June 25, 2018.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**